NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHAO LI,

                Petitioner,

    v.

LORETTA E. LYNCH, Jr., Attorney
General,

                Respondent.

No. 14-70015

Agency No. A089-977-003

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

    Chao Li, a native and a native and citizen of China, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Among other things, the agency found Li not credible based on the lack of detail in Li's testimony, the inconsistencies with his declaration, and the omission from his declaration of a month-long hospital stay.  Substantial evidence supports the adverse credibility determination.  *See id*. at 1048 (adverse credibility determination was reasonable under the "totality of circumstances").  Thus, we deny the petition for review as to Li's asylum and withholding of removal claims. *See id*.

Substantial evidence also supports the agency's denial of Li's CAT claim because it is based on the same testimony found not credible, and he does not point to any other evidence that compels the finding that it is more likely than not he would be tortured if returned to China.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).  We reject Li's contentions that that the agency erred in its analysis of his CAT claim and that the agency failed to consider record evidence.

**PETITION FOR REVIEW DENIED.**